1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT TACOMA
9
JANIE M. CASTER,
10                                              No. CASE NO.  C08-5530RBL
                              Plaintiff,
11            v.                                REPORT AND RECOMMENDATION
12
MICHAEL J. ASTRUE, Commissioner of
13  Social Security Administration,              Noted for May 1, 2009
14                              Defendant.
15
16        This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28
17  U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews,</u>
18
    <u>secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  Plaintiff is seeking childhood disability
19
20  benefits pursuant to section 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §
21  1383(c)(3) (incorporating 42 U.S.C. § 405(g)), through judicial review of a final decision of the
22  Commissioner of Social Security denying her application for Supplemental Security Income
23  (SSI) disability benefits under Title XVI of the Social Security Act.
24        The matter has been briefed, oral argument was heard on April 7, 2009, and after
25  reviewing the record, the undersigned recommends that the Court remand the matter to the
26
    Administration for further review.

REPORT AND RECOMMENDATION - 1

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Janie Caster, was born in 1989.  Although she is currently 20 years of age, the relevant time period in this case  --  the period in which she is seeking disability benefits --  is prior to when Plaintiff turned 18 years of age.

Based on a Psychiatric evaluation, dated June 30, 2004, Plaintiff was a very shy child, and she has had long-standing issues with shyness at school.  She is afraid to be alone and tends to go places only when she is with a family member.  She had recently failed her physical education class because she refused to change her clothes and was afraid others were looking at her.  She makes frequent somatic complaints including back pain, chest pain, and headaches. She was seen by her primary care physician on a nearly monthly basis from September 2004 through June 2005.   In 2002, Plaintiff was diagnosed with attention deficit hyperactivity disorder (ADHD), and she has done poorly in school (academically and socially).  She is obese (weighing approximately 250 lbs at the age of 14 years old).

On September 17, 2004, an application was filed on Plaintiff's behalf seeking Child's SSI disability (Tr. 66-69).  She alleged disability due to ADHD and learning problems.  Her application was denied initially and on reconsideration; Plaintiff requested a hearing (Tr. 57-60). On April 23, 2007, an administrative law judge (ALJ) conducted a hearing and heard testimony from Ms. Tina Caster, Plaintiff's mother, and Plaintiff.  On November 30, 2007, the ALJ found Plaintiff suffered from social anxiety disorder, borderline intellectual functioning, and obesity, but was not disabled (Tr. 25-37).

Plaintiff appealed to the administration's Appeals Council for review of the ALJ's decision.  Plaintiff presented the Appeal's Council with additional evidence, including evidence showing Plaintiff was admitted to Fairfax Psychiatric Hospital in October 2007 and diagnosed

with a bipolar disorder with psychotic features (Tr. 373).   The additional evidence also showed Plaintiff was involuntarily hospitalization three weeks after the ALJ's decision (Tr. 328) and a third hospitalization for bipolar disorder occurred on May 15, 2008 (Tr. 346).  None of these three hospitalizations were reviewed by the ALJ.  The Appeals Council reviewed the additional evidence; but nonetheless, it denied Plaintiff's request for review (Tr. 6-9).   The ALJ's decision is the final decision of the Commissioner subject to judicial review.  20 C.F.R. §§ 416.981, 422.210.

Plaintiff now seeks judicial review of the administration's denial of her application for social security benefits.  Plaintiff specifically raises the following issues:

A. Whether the ALJ properly considered all of the relevant evidence in determining Ms. Caster's limitations in acquiring and using information.

B. Whether the ALJ properly considered all of the relevant evidence in determining Ms. Caster's limitations in attending and completing tasks.

C. Whether the ALJ properly considered all of the relevant evidence in determining Ms. Caster's limitations in interacting and relating with others.

D. Whether remand is necessary to the ALJ may consider the new and material evidence provided to the Appeals Council.

Plaintiff's Opening Brief at 1.

After carefully reviewing the briefing and record, the undersigned is persuaded by Plaintiff's argument that the three hospitalizations that were not considered by the ALJ constitute new and material evidence that should be reviewed by the ALJ.  Accordingly, the Court should remand the matter to the administration for further review.

**DISCUSSION**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir.2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971);  Magallanes v. Bowen,  881 F.2d 747, 750 (9th Cir.1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  Id.

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act").  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (*internal citations omitted*).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his or her impairments are of such severity that he or she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th  Cir. 1999).

### *"New Evidence" Warrants Remand*

Plaintiff argues new and material evidence was presented to the Appeals Council that warrants remand.  Plaintiff states, "This evidence shows an additional impairment prior to the

date of the ALJ's decision and a worsening in her impairment at that time. Ms. Caster requests remand so that this evidence may be considered by the ALJ." Plaintiff's Opening Brief at 9. Plaintiff had been hospitalized once after her matter had been submitted to the ALJ and before disposition (Tr. 360-389) and again hospitalized on two subsequent occasions after the ALJ's decision and before the Appeals Counsel had made a final determination (Tr. 324-330, 346-354). The Appeals Council gave these three hospitalizations little attention and summarily rejected this new evidence. This is a threshold issue, i.e., if the Court finds the evidence submitted to the Appeals Council was not properly considered and warrants remand, the other issues presented will also need to be reconsidered.

There appears to be a conflict with regard to the proper standard of review on this issue. Plaintiff argues that the matter should be remanded if there is a reasonable possibility that the new evidence presented to the Appeals Council will change the outcome of the ALJ's determination. Booz v. Secretary of Health & Human Services, 734 F.2d 1378, 1380 (9th Cir. 1984). Defendant argues that the decision of the Appeals Council is not subject to review, *citing* 42 U.S.C. § 405(g ); 20 C.F.R. §§ 416.1481, 422.210, and stresses that under sentence six of 42 U.S.C. § 405(g) a court will remand for consideration of new evidence only if: (1) the evidence is material; and (2) there is good cause for the failure to incorporate the evidence in the administrative proceeding earlier. Orteza v. Shalala, 50 F.3d 748, 751 (9th Cir. 1995). Good cause may be established if the evidence became available after the Commissioner's final decision and the claimant could not have obtained the evidence earlier. Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985). Plaintiff argues that the good cause standard is applicable only when the new evidence is presented to the court upon judicial review. At oral argument Defendant conceded the materiality factor, and argues that Plaintiff had not shown good cause for not

presenting the evidence to the ALJ. Both parties agree that the argument regarding the applicable standard is an ongoing issue that has not been resolved by the Ninth Circuit.

The applicable standard is not dispositive because the undersigned finds that remand is warranted under either standard. The ALJ should be provided an opportunity to review the additional evidence.

When she asked for review of the ALJ's decision, Plaintiff submitted "new evidence" to the Administrations' Appeals Council. The Appeals Council considered the new evidence, but denied review. The Appeals Council stated:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> The Appeals Council considered the contentions raised by your treating therapist in the request for review and the additional evidence. The Appeals Council finds that Ms. Taylor's opinion that you are mentally disabled is not supported by the medical evidence. The Appeals Council also finds that the additional evidence submitted does not warrant any change in the Administrative Law Judge's findings and conclusions.

Tr. 7.

No analysis of this evidence was provided even though these hospitalizations appear to involve new symptoms and new diagnoses. Plaintiff argues the new or additional evidence presented to the Appeals Council shows an additional impairment prior to the date of the ALJ's decision and a worsening of her impairment at that time. Defendant concedes materiality. The undersigned agrees that the additional evidence presented to the Appeals Council could support a finding of impairments due to bipolar disorder. There is a reasonable possibility that the new evidence will change the outcome of the ALJ's determination. In other words, had the ALJ been presented with this evidence, it is possible that the additional "severe" impairment(s) due to

bipolar disorder would, in combination with Plaintiff's other impairments, result in a different residual functional capacity. Bipolar disorder appears to be distinctly different from social anxiety disorder or borderline intellectual functioning, which are the two severe mental impairments found by the ALJ based on the medical evidence he reviewed. The subsequent finding of Bipolar disorder, may help the ALJ and/or an objective medical expert explain some of Plaintiff's behaviors prior to the actual diagnosis.

The undersigned also finds that good cause has been established for the delay, if any, in presenting this evidence to the administration. The hearing in this matter occurred on April 23, 2007, in Monroe, Louisiana. The ALJ's decision is dated November 30, 2007. The new evidence shows Plaintiff was admitted to the Fairfax Psychiatric Hospital in Kirkland in October 2007, after the ALJ's hearing and shortly before the written decision. She was also seen at Pierce County E&T on December 31, 2007, and admitted to St. Joseph's Hospital in Tacoma for three days on May 12, 2008. Obviously, plaintiff could not have presented these latter hospitalizations because they had not yet occurred. As explained at oral argument, at the administrative level Plaintiff was represented or assisted by her mother, who arguably is not familiar with the procedural steps to introduce new evidence. It is also apparent that between the time of the ALJ's hearing and the first hospitalization, the family moved to Washington from Louisiana. These facts support a finding of good cause for any delay in providing the ALJ or administration with the new evidence.

Therefore, under either standard, this matter should be remanded to the ALJ for further consideration of this additional evidence

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administration for further review. On remand the ALJ should consider the additional evidence presented by Plaintiff to the Appeals Council. In addition, the ALJ should reconsider each of the three-steps of the administrative process applicable in this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 1, 2009**, as noted in the caption.

DATED this 10th day of April, 2009.


J. Richard Creatura
United States Magistrate Judge